UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY 01 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IAN OWEN SHARPE,           )
                           )
    Plaintiff,             )
                           )
v.                         )   Civil Action No.: 1:19-cv-01015 (UNA)
                           )
FEDERAL BUREAU OF PRISONS, et al., )
                           )
    Defendants.            )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP"). The Court will grant the IFP application and dismiss the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

Plaintiff, a resident of Ontario, Canada, sues the Federal Bureau of Prisons and the U.S. Department of Treasury. He alleges that he sent a money order consisting of 63 Canadian dollars, payable in U.S. currency. He attaches this money order as an exhibit. Plaintiff alleges that he sent the money order to the Treasury Department in order to obtain his medical records from the Bureau of Prisons. He states that he has attempted to contact both defendants regarding this issue, to no avail. He insinuates that defendants' lack of response may indicate some sort of unknown crime. He seeks the return of his money order and/or the release of his medical records.

Plaintiff does not provide any other facts, and the complaint is devoid of legal authority, to establish any breach of duty or obligation committed by defendants. Plaintiff also fails to show that he has properly requested these records from the relevant agency, or pursuant to the

1

appropriate statutes. Plaintiff also requests that the Court "look into [his] situation[,]" "give [him] the name and address of the District Attorney[,]" and "phone [him]" regarding these allegations. The Court is an inappropriate forum for these particular requests and is under no obligation to engage in these actions. *See Ficken v. Golden*, 696 F. Supp. 2d 21, 33 n.11 (D.D.C. 2010) (citation omitted).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff has failed to establish diversity jurisdiction and has also failed to raise any federal question. In fact, it is unclear what cause(s) of action plaintiff intends. The complaint fails to set forth allegations with respect to this Court's jurisdiction over the plaintiff's entitlement to relief or a valid basis for an award of damages. Therefore, this case will be dismissed for want of subject matter jurisdiction. A separate Order accompanies this Memorandum Opinion.

Date: April _____, 2019                         _____
                                                  United States District Judge